IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID NOLAN CONBOY | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. JFM-08-2367 |
| TOWN OF OCEAN CITY, MARYLAND | * | |
| VICKI MARTIN, Detective | | |
| BRETT CASE, Detective | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM**

Pending is David Nolan Conboy's (Conboy) pro se civil rights complaint for damages under 42 U.S.C. §1983. Counsel for defendants, Detective Vicki Martin, and Detective Brett Case, move for dismissal and/or summary judgment.[1] Conboy filed an opposition and moves for summary judgment in his favor. Defendants have filed a response in opposition. This matter is ripe for disposition. After careful consideration, the court determines that a hearing is unwarranted and defendants are entitled to summary judgment in their favor as a matter of law.

**Background**

The following facts are undisputed. On December 12, 2005, Conboy was arrested in Ocean City, Maryland for burglary and theft. He was taken to the Ocean City Police Department where Detectives Vicki Martin and Brett Case interviewed him for approximately three hours.

Conboy confessed to the crimes. He told the detectives that he had been drinking alcohol and needed a place to stay for the evening. He discovered a hidden key to an apartment and entered. He also forced entry into several other apartments that evening and stole property including electronics, clothing, food, and alcohol.

---

[1] The Town of Ocean City, Maryland was dismissed as a defendant by separate order.

During the interview, Conboy was given breaks for the bathroom, cigarettes, food, and drink. At the end of questioning, Detectives Martin and Case went with Conboy to locate his truck. The detectives allowed Conboy to drink a beer found in his truck during inspection.[2]

## Plaintiff's Claims

Plaintiff claims that Detectives Martin and Case: 1) endangered his life by improperly giving him alcohol; 2) failed to secure adequate medical assistance for his life-threatening condition; and 3) submitted him to physical, mental and emotional pain.

## Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court of the United States explained that in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The facts must be viewed in a light most favorable to the plaintiff as the nonmoving party. *See Matsushita Electric Industrial Co., LTD v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent must bring forth evidence upon which a reasonable fact finder could rely *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of

---

[2] Investigation by the Ocean City Police Department concluded that "proper departmental procedures were not followed by detectives…." Paper No. 12, Plaintiff's Reply, Attachment July 8, 2008 letter from Bernadette DiPino, Chief of Police.

evidence to the court demonstrating the existence of an issue of fact." *Pension Benefit Guaranty Corp. v. Beverley*, 404 f.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co., v. Local 8377, UMW*, 187 F.3d 415, 422 (4th Cir. 1999)). Where, as here, the litigant is proceeding pro se, Conboy's pleadings are liberally construed. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 519 (1972).

### Discussion

The rights of convicted prisoners are analyzed under the Eighth Amendment proscription against cruel and unusual punishment. The rights of pre-trial detainees are analyzed under substantive due process in the context of the Fourteenth Amendment. *See Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir. 2008); *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *see also City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 244 (1983) (deliberate indifference to the medical needs of a pretrial detainee may also be egregious enough to state a substantive due process claim). Both analyses require a plaintiff to demonstrate that the officer acted with "deliberate indifference" to the inmate's "serious medical needs." *Estelle,* 429 U.S. 97, 104 (1976). Deliberate indifference is shown when a prison official acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

The standard of liability in this case is whether defendants' violated Conboy's Fourteenth Amendment rights as a pretrial detainee through deliberate indifference to a substantial risk of physical harm. *See Parrish ex rel Lee v. Cleveland,* 372 F3d 294, 302 (4th Cir. 2004). "Deliberate indifference is a very high standard-a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999). An officer is deliberately indifferent to a substantial risk of harm to a detainee when that officer "knows of and disregards" the risk. *See*

3

*Farmer v. Brennan*, 511 U.S. 825, 837, (1994).  Culpability under this standard requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.  It must be shown that defendants "actually knew of and disregarded a substantial risk of serious injury to the detainee and that [they] actually knew of and ignored a detainee's serious need for medical care." *Id*. (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001)).  For reasons that follow, the court concludes Conboy's claims fail to satisfy this standard.

1. **Claim Defendants Improperly Provided Alcohol and Endangered his Health and Life**

The uncontroverted facts reviewed in the light most favorable to Conboy are that Detectives Martin and Case allowed him to drink a beer containing alcohol while he was in custody.  Even if defendants were aware that alcohol can pose a general health risk, there are no facts to suggest that defendants were aware that a single beer could create a substantial risk of serious harm to Conboy.   Defendants' action may have been negligent and inconsistent with police department policy, but they do not amount to a violation of constitutional magnitude.

2. **Claim Defendants Failed to Secure Adequate Medical Assistance**

Conboy neither shows that defendants were aware of his serious medical needs and nor that were they intentionally indifferent to those needs.  Conboy's allegations are unsupported and conclusory, lacking any details to show his claimed life-threatening condition to alcohol consumption was known or obvious to the detectives during the interrogation.  Mere knowledge that Conboy had been drinking just prior to his arrest or might still be under the influence of alcohol does not equate to awareness of a life-threatening health condition or the need for medical assistance.  *See Farmer*, 511 U.S. at 832-35 (medical need serious enough for

4

constitutional claim involves a condition that places a substantial risk of harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain).

Further, Conboy does not allege that he exhibited signs of serious illness or a condition during questioning which required medical care. There was no cause for the detectives to infer that Conboy required medical treatment. Conboy fails to show defendants acted with deliberate indifference to his serious medical needs, and defendants are entitled to summary judgment in their favor as a matter of law.[3]

### 3. Claim Defendants Submitted Conboy to Physical, Mental and Emotional Pain

Conboy's conclusory allegations that he suffered physical, mental and emotional pain are unavailing. As previously noted, he was provided food, bathroom, and cigarette breaks during questioning. No facts to suggest that defendants' actions were extreme or beyond the bounds of decency. There is no constitutional right to be free from emotional distress. *See Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985). Further, damages for claims based solely on anxiety, mental anguish and emotional distress are barred by the Prisoner Litigation Reform Act. 42 U.S.C. § 1997e(e) (providing [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury').

### Conclusion

The pleadings reveal an absence of any genuine issue of material fact, and summary judgment will be entered in favor of defendants by separate order.

| | |
|---|---|
|  December 9, 2009 |   /s/_____ |
| Date | J. Frederick Motz |
| | United States District Judge |

---

[3] Accordingly, the court will not address defendants' qualified immunity defense.